IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRENDA MAE NIEMAN,

                Plaintiff,

v.                                                  ORDER

CAROLYN W. COLVIN,                        15-cv-451-jdp
Acting Commissioner of Social Security,

                Defendant.

Plaintiff Brenda Nieman seeks judicial review of a final decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. On May 5, 2016, the court heard oral argument in this case. After reviewing the administrative record and the parties' oral and written submissions, the court will remand this case to the Commissioner for further proceedings.

The ALJ determined that Nieman had the residual functional capacity to perform light work with additional limitations. R. 28.[1] In determining Nieman's RFC, the ALJ gave great weight to the opinion of a consulting physician who examined Nieman in February 2013, and to the opinions of state agency consultants who reviewed Nieman's medical records in March 2013 and in September 2013. R. 32-33. But the ALJ gave little weight to an opinion from Nieman's treating orthopedist, Dr. Kaiser. R. 31. The ALJ also concluded that Nieman's subjective reports of her limitations were not credible because they were inconsistent with the objective medical evidence and with Nieman's daily activities and

---

[1] Record cites are to the administrative record, Dkt. 8.

treatment history. Essentially, the ALJ dismissed Nieman's limitations at the end of 2014 as the short-term effects of an accident, not as a disability.

Nieman contends that the ALJ misinterpreted Dr. Kaiser's opinion. In December 2014, Dr. Kaiser indicated that Nieman could lift a maximum of two pounds with her right arm, and that she would reach "maximum medical improvement" about one year after a shoulder surgery scheduled for later that month. R. 970. According to Nieman, these statements conveyed Dr. Kaiser's opinion that she would be able to lift only two pounds for about a year following the surgery, which, if true, would support a finding of disability. But the ALJ did not read Dr. Kaiser's opinion that way. Instead, the ALJ noted that Dr. Kaiser had completed the opinion a few months after Nieman took a bad fall and injured her shoulder. Thus, the ALJ understood these limitations to reflect only Nieman's then-current condition. The ALJ refused to speculate about how long Dr. Kaiser's restrictions would last, concluding that the doctor's statement about maximum medical improvement did not actually address how long Nieman would be unable to lift more than two pounds. R. 32. This was a reasonable analysis of Dr. Kaiser's opinion, and the court will not second-guess the ALJ on this issue.[2] *See Curvin v. Colvin*, 778 F.3d 645, 648 (7th Cir. 2015) ("We reverse an ALJ's determination only where it is not supported by substantial evidence, which means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (citations and internal quotation marks omitted)).

---

[2] Nieman also contends that the ALJ should have assumed that Dr. Kaiser's limitations would have lasted for at least a year because there is no evidence that Nieman's condition improved after her surgery. But Nieman had the burden of proof at steps one through four of the administrative framework. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). Thus, it was *her* obligation to demonstrate that she did not improve after the surgery.

Remand is nevertheless required because there is a gap in the medical evidence that the ALJ did not analyze or acknowledge. Since appealing the ALJ's decision to this court, Nieman has amended her onset date for her application for benefits: she now contends that she is entitled to a closed period of benefits from June 2, 2014, to June 11, 2015. Dkt. 10, at 24 and Dkt. 13, at 2. Nieman's emphasis on this time frame is substantially due to the fact that the Commissioner granted an application for benefits that she filed after the application that is at issue in this case was denied. In granting the later application, the Commissioner concluded that Nieman was disabled as of June 11, 2015.

This new scope makes the medical records from the latter part of 2014, along with Nieman's most recent subjective reports of her limitations, the critical pieces of evidence in this case. There is a dearth of medical evidence from this time period, but the evidence that is in the record suggests that Nieman had significant limitations after her carpal tunnel release surgery in June 2014 and after her fall in September 2014. Nieman's subjective reports also suggest that she had significant limitations.

After Nieman's carpal tunnel release surgery, Dr. Kaiser indicated that he did not want her to do any heavy lifting, pushing, or pulling for at least a month. R. 916. Although Nieman improved after the surgery, she injured herself when she fell on September 1, 2014, resulting in severe pain and preventing her from raising her right arm. R. 932. She underwent surgery in December 2014 to repair the damage, and she had to wear a shoulder-immobilizing sling after the operation. R. 1002, 1007-08. Regardless of whether this evidence compelled the conclusion that Nieman would have been disabled for at least 12 consecutive months beginning in the second half of 2014, the problem with the ALJ's analysis is that she relied on stale medical evidence to support her decision. The consulting examinations and

record reviews that occurred in 2013 could not have accounted for the significant limitations that Nieman experienced in 2014, and so the ALJ could not rely on these medical opinions to interpret and discount the more recent medical evidence.

As for subjective complaints, Nieman testified during the hearing in November 2014 that her daughter did "pretty much everything" for her, including helping her get dressed, helping her bathe, making food, and cleaning. R. 49. Nieman also testified that she could not lift anything heavier than a can of soup with her right arm, R. 50, could not raise her arm above her head or eat with her right hand, R. 51, could not button her shirt, operate a zipper, or put on her shoes, R. 53, and could not drive, R. 60. Here again, the ALJ principally relied on stale evidence to discredit Nieman's subjective complaints. For example, the ALJ cited to function reports that Nieman had completed in December 2012 and in July 2013 as evidence of daily activities that were inconsistent with Nieman's complaints. R. 31. And despite the ALJ's conclusion that the medical evidence contradicted Nieman's testimony regarding her limitations, the ALJ glossed over the more recent treatment records that at least arguably supported Nieman's complaints. R. 30.

A tangential issue that the parties discussed during the hearing is whether, and to what extent, the ALJ can consider the Commissioner's later award of benefits in determining whether Nieman was disabled from June 2014 to June 2015. Nieman contends that this evidence is fair game, but the Commissioner disagrees. "There are but two types of remands under § 405(g)—a sentence four remand or a sentence six remand. . . . A remand under sentence six is one based upon new evidence; [a remand under sentence four is] based upon an insufficient review of existing evidence." *O'Connor v. Shalala*, 23 F.3d 1232, 1233 (7th Cir. 1994). In this case, Nieman is seeking remand under sentence four, *see* Dkt. 1, ¶ 7 ("The

4

conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to the law and regulation[s]."), and she does not argue that there is "new and material evidence" that would support remanding this case under sentence six, *see generally* Dkt. 10 and Dkt. 13. Thus, the court will not direct the ALJ to consider evidence that was not before her at the time that she issued her decision.[3]

In short, now that Nieman has narrowed the scope of her application for benefits, the ALJ must provide a targeted analysis of the medical records and subjective complaints that pertain to June 2014 and later. To some extent, it is understandable that the ALJ did not dive too deeply into this evidence because Nieman sought benefits for a significantly longer period of time, only the tail end of which is now at issue. Moreover, given the length of time that it takes for a case to progress through the Social Security Administration, ALJs will almost always have to work with dated medical evidence. But in this case, most or all of the critical evidence was from the last six months of 2014, and so the ALJ could not rely exclusively on evidence from 2013 to justify denying benefits. On remand, the ALJ must discuss the evidence from 2014 and determine whether Nieman is entitled to a closed period of benefits.

---

[3] Even if Nieman had pursued remand under sentence six, it is not clear that the Commissioner's subsequent grant of benefits would qualify as "new and material" evidence that justifies remand. *See Moraine v. Soc. Sec. Admin.*, 695 F. Supp. 2d 925, 964 (D. Minn. 2010) (collecting cases from courts that have split on the issue). At the hearing, counsel for the Commissioner represented to the court that a different ALJ granted Nieman benefits after assigning her an RFC similar to the one that she received in this case. But because Nieman had reached a higher age bracket by the time of her second application, this RFC resulted in a finding of disability. Thus, the newer decision seems to be of little relevance in this case.

ORDER

IT IS ORDERED that the decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered May 10, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge