IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRENDA MAE NIEMAN,

                Plaintiff,

v.                                                     ORDER

CAROLYN W. COLVIN,                            15-cv-451-jdp
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Brenda Nieman sought judicial review of a final decision of the Acting Commissioner of Social Security finding her not disabled within the meaning of the Social Security Act. She prevailed: the court remanded her case to the Commissioner for further proceedings. Dkt. 15. Now Nieman moves for attorney fees, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Dkt. 17. She seeks $5,166.10 in fees for the 27.15 hours that her attorney spent litigating this case.[1]

The Commissioner opposes Nieman's motion on two grounds. Dkt. 20. First, the Commissioner contends that her position in this case was substantially justified, which would preclude Nieman from receiving fees under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award [fees] unless the court finds that the position of the United States was substantially justified."). Second, and in the alternative, the Commissioner contends that Nieman has not established that her attorney is entitled to an award that exceeds the

---

[1] Nieman's fee request is inconsistent. The motion itself asks for $3,632.36, calculated at the rate of $190.28 per hour for 27.15 hours, which does not add up. Dkt. 17. The supporting materials document $5,166.10 in fees, but they are also contradictory. *Compare* Dkt. 18, ¶ 7 (19.15 total hours), *with id.* ¶ 5 (27.15 total hours), *and* Dkt. 18-1, at 2 (27.15 total hours). The court construes Nieman's submissions as seeking $5,166.10 in fees for 27.15 hours of work.

statutory rate of $125 per hour. *See id.* § 2412(d)(2)(A). The court agrees that the Commissioner's position in this case was substantially justified, and so it will deny Nieman's request for attorney fees.

Nieman did not file a brief in support of her motion for fees, although the motion itself contained a few paragraphs to support her request. *See* Dkt. 17. She also did not file a reply in support of her motion after the Commissioner explained her reasons for opposing it. Thus, Nieman has waived her reply to the Commissioner's arguments. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

But even if Nieman had not waived her reply, the Commissioner is correct: her position was substantially justified. "A position taken by the Commissioner is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner has the burden of proving that her position was substantially justified throughout the underlying administrative proceedings and while defending her decision in this court. *Id.*

Nieman sought judicial review because the ALJ: (1) failed to interpret and apply an opinion from Nieman's treating orthopedist; (2) gave too much weight to the opinions of a state agency medical consultant; and (3) improperly assessed Nieman's credibility. Dkt. 10, at 1-3. The court substantially rejected these arguments. Dkt. 15.

But in litigating this case, Nieman narrowed the scope of her appeal to challenge the ALJ's decision to deny benefits only for the period of June 2014 to June 2015. This created a critical timing issue for Nieman because the ALJ issued her decision in January 2015. Thus, at that point, the ALJ could have found that Nieman was disabled only if her impairments

could have been expected to last for at least another six months. *See* 20 C.F.R. §§ 404.1509, 416.909 (impairments must last for a continuous period of at least 12 months).

With this narrowed scope in mind, the court remanded the case because the ALJ had not discussed pertinent medical evidence from the end of 2014, as well as Nieman's subjective complaints concerning that period. Specifically, the ALJ had not analyzed whether this evidence established that Nieman's limitations in 2014 would have lasted for at least 12 months. The court acknowledged that these issues were not readily apparent when the case was before the ALJ, indicating that:

> [t]o some extent, it is understandable that the ALJ did not dive too deeply into this evidence because Nieman sought benefits for a significantly longer period of time, only the tail end of which is now at issue. Moreover, given the length of time that it takes for a case to progress through the Social Security Administration, ALJs will almost always have to work with dated medical evidence. But in this case, most or all of the critical evidence was from the last six months of 2014, and so the ALJ could not rely exclusively on evidence from 2013 to justify denying benefits.

Dkt. 15, at 5.

The court remanded this case on a relatively subtle issue that came to light only after Nieman narrowed the scope of her appeal in her opening brief. And even with that narrowed focus, this was a close case. "[T]he closeness of the question is, in itself, evidence of substantial justification." *See Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991). The Commissioner has persuasively explained how her treatment of Nieman's application for benefits was substantially justified at the administrative level and in this court. Thus, Nieman is not entitled to fees under the EAJA.

As for the Commissioner's alternative argument, Nieman has not justified her entitlement to an hourly fee of $190.28. The EAJA caps the rate for attorney fees at $125 per hour, unless an increase in the cost of living or a "special factor" justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). According to the Seventh Circuit, "[t]he $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). It is therefore Nieman's burden to prove that her attorney is entitled to a rate above the EAJA cap.

This court routinely awards fees at hourly rates above $125 when plaintiffs or their attorneys justify those rates. *See, e.g.*, *Smolenski v. Colvin*, No. 15-cv-775 (W.D. Wis. June 23, 2016) (order granting stipulation for attorney fees at a rate of $178.31 per hour); *Phelps v. Colvin*, No. 14-cv-678 (W.D. Wis. July 1, 2015) (order granting stipulation for attorney fees at a rate of $184.60 per hour). But in contrast to these examples, Nieman's substantiation for a higher fee in this case is insufficient. She has provided only a printout from the Ninth Circuit's website that lists yearly statutory maximum rates for EAJA awards, adjusted for the cost of living. Dkt. 18-2. Nieman does not explain how one circuit's adjustments to the EAJA cap—and not the Seventh Circuit's adjustments, at that—apply to this case.[2] By itself, information from a different circuit does not automatically justify an hourly rate above the EAJA cap. Counsel would be entitled to fees greater than the hourly rate of $125, but only if the request were properly supported. The matter is of no consequence here because the Commissioner's position was substantially justified.

---

[2] In her supporting materials, Nieman notes that "[t]o minimize attorney fees for the fee litigation, Plaintiff does not present extended argument about the hourly rates requested. If the Commissioner disagrees with the hourly rates, Plaintiff will present additional argument about the rates in a reply brief." Dkt. 18, ¶ 7. The Commissioner *did* disagree with the hourly rate, yet Nieman did *not* file a reply.

ORDER

IT IS ORDERED that plaintiff Brenda Nieman's motion for attorney fees under the Equal Access to Justice Act, Dkt. 17, is DENIED.

Entered August 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge